R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alexander Bayonne Stross*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEXANDER BAYONNE STROSS,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON WEB POWER LLC d/b/a WANJIAWEB.COM,<br><br>Defendant. | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Alexander Bayonne Stross ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, PC, for its complaint against the defendant Boston Web Power LLC d/b/a wanjiaweb.com ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3.  Plaintiff is an individual doing business as a professional photographer in Austin Texas, with an address at 21021 Klein Cir., Garden Ridge, Texas, 78266.

4.  Upon information and belief, Defendant is a domestic limited liability company registered in the Commonwealth with a place of business at 100 Tradecenter G-700, Woburn, Massachusetts, 01801.

## JURISDICTION AND VENUE

5.  This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6.  Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7.  Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.  **Plaintiff's Business**

8.  Plaintiff is a professional photographer based out of Texas and creates and licenses photographic images for various uses.

9.  Plaintiff is known for his architectural and landscape photography, through which a reverence for a sense of place permeates.  His work is informed from his growing up in Austin, Texas, watching a small city grow and develop into an urban hot spot complete with skyscrapers and an artistically aligned population.  His works have been licensed to such

renowned publications as People, Country Living, Luxury Home Magazine, Luxe, Refine and New Home Guide, as well as news shows like The Today Show and Yahoo News with Katy Couric.  The creation of his photographic works involves a labor intensive process that results in uniquely detailed and vibrant images.

10. Plaintiff is the original author of twelve photographic architectural images (the "Copyrighted Works"), copies of which are attached hereto as Exhibit A.

11. The Copyrighted Works are original works of authorship.

12. Plaintiff owns the copyrights in and to the Copyrighted Works.

13. Plaintiff has obtained certificates of registration with the United States Copyrighted Office for the Copyright Works. Attached hereto as Exhibit B are copies of the certificates for registration obtained from the United States Copyright Office.

**B.     Defendant's Unlawful Activities**

14. Plaintiff has discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyright Work.

15. Specifically, Plaintiff discovered the Copyright Works being reproduced, distributed and publicly displayed, without Plaintiff's authorization at the website www.wanjiaweb.com, screenshots of which are attached hereto as Exhibit C.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

16. Plaintiff realleges the paragraphs above and incorporates them by reference as if fully set forth herein.

17. The Copyright Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

18. Plaintiff has sufficient rights, title and interest in and to the copyrights in the

Copyrighted Works to bring suit.

19. Upon information and belief, as a result of Plaintiff's public display of the Copyright Works, Defendant had access to the Copyright Works prior to the creation of Defendant's infringing work.

20. By its actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, creating derivative works from and publicly displaying the Copyrighted Works.

21. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

22. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyright Works, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyright Works without paying license fees, in an amount to be proven at trial.

23. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyright Works, which amounts will be proven at trial.

24. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyright Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

25. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

26. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

27. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

28. The Copyrighted Works contained copyright management information.

29. Upon information and belief, Defendant intentionally removed copyright management information from the Copyrighted Works.

30. Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

31. Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Works without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

32. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

33. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

34. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

35. At his election, and in lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act.

36. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights in the Copyrighted Works under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. A declaration that Defendant has violated the Digital Millennium Copyright Act by

intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful violation of the Digital Millennium Copyright Act;

10. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

11. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12. Permanently enjoining Defendant, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Works or to participate or assist in any such activity; and

13. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 16, 2020

                Respectfully submitted,

                RATH, YOUNG & PIGNATELLI, P.C.

                /s/ *R. Terry Parker*
                R. Terry Parker, Esquire
                RATH, YOUNG and PIGNATELLI, P.C.
                120 Water Street, Second Floor
                Boston, MA 02109
                Telephone: (603) 226-2600
                Email: rtp@rathlaw.com

                *Attorneys for Plaintiff*
                *Alexander Bayonne Stross*